UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MATTHEW HALE, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 1:21-CV-01028 |
| v. | (CONNER, J.) |
| KEVIN LEISS, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

Plaintiffs Thomas Mathew Hale and Penny Lee Valentine-Hale (collectively, "Plaintiffs") initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 on June 10, 2021, against Defendants Kevin Leiss, Darren C. Cotton, Robert E. Bennett, and Sean J. Sargen (collectively, "Defendants"). (Doc. 1). Presently before the Court is Plaintiffs' motion to compel and request for expansion of the discovery deadline, filed on August 9, 2022, and September 22, 2022, respectively. (Doc. 88; Doc. 98). Presently before the Court are multiple letters filed by the parties regarding the disclosure of phone records and taser report records, and the extension of the discovery deadline. (Doc. 88; Doc. 90; Doc. 99; Doc. 100). For the following reasons, Plaintiffs' motion to compel and request for expansion of discovery deadlines are DENIED.

I. **STANDARD OF REVIEW**

Federal courts have broad discretion to determine the scope of discovery and to manage the discovery process. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion."). In the Third

Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999).

> Discovery is governed by Rule 26, which provides:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
>
> Fed. R. Civ. P. 26(b)(1).
>
> The same rule also obligates parties to supplement discovery:
>
> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: [ ] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .
>
> Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 34, such discovery may include a request for a party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" electronically stored information or "any designated tangible things" within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). However, because "[i]nspection . . . of certain types of electronically stored information . . . may raise issues of confidentiality or privacy," courts weighing whether to allow such discovery "should guard against undue intrusiveness resulting from inspecting . . . such systems." Fed. R. Civ. P. 34(a)(1) Advisory Comment Note (2006). Rule 37 provides that "an evasive or incomplete disclosure, answer,

or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Third-party subpoenas are governed by Rule 45, which provides that parties may "command" a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control . . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). Such a subpoena may be blocked by court order granting a motion for a protective order or a motion to quash the subpoena. Such motions are governed by Rule 26, which provides that "[a] party or person from whom discovery is sought may move for a protective order," and authorizes the court, for good cause shown, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Third Circuit has enunciated a non-exhaustive list of factors that trial courts may consider in determining whether "good cause" exists, including whether the disclosure will violate any private interests, whether the information is being sought for a legitimate purpose, and whether the information will cause a party embarrassment.[1] *Glenmade Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)). The party seeking a protective order bears the burden to establish good cause. *See* Fed. R. Civ. P. 26(c); *Cipollone v. Liggett Group., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order

---

[1] Other factors include whether confidentiality is being sought over information important to the public health and safety, whether the sharing of information among litigants will promote fairness and efficiency, whether a party benefitting from the order is a public entity or official, and whether the case involves issues important to the public -- are not implicated in the present dispute.

must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

II. **DISCUSSION**

    A. PLAINTIFFS' MOTION TO COMPEL IS DENIED.

In the motion to compel, Plaintiffs ask the Court to compel compliance with subpoenas that were served on Comcast Legal Compliance and Verizon. (Doc. 88, at 1; Doc. 99, at 1-2). Specifically, Plaintiffs seek disclosure of "the number of the caller and time of all calls made to phone number (717) 575-7691, on September 4, 12, October 16, 17, December 5, 2019, September 4, October 16, 2020[,] and February 5 and March 25, 2021. . . ." (Doc. 88-1, at 1). Plaintiffs attach Mr. Hale's cell phone records, which reflect that he received calls from "unavailable" phone numbers on the above-mentioned dates. (Doc. 88, at 1-2; Doc. 88-4; Doc. 88-5; Doc. 88-6; Doc. 88-7; Doc. 88-8; Doc. 99, at 2). Plaintiffs explain that Verizon has not responded or produced documents required in the discovery subpoena and that, on August 3, 2022, Comcast sent a letter to Plaintiffs stating the "requested telephone number is not registered to Comcast," and that it would not produce the requested information without a court order. (Doc. 88, at 1-2). Plaintiffs aver that on the above-mentioned dates, Mr. Hale "received calls with threats, stating they would 'get him,' and other threats." (Doc. 99, at 2). Plaintiffs contend that disclosure of the phone records will support his claim for retaliation based upon receipt of threatening phone calls from a blocked phone number, which Plaintiffs allege were from Defendant Bennett or other employees of the Derry Township Police Department. (Doc. 88, at 1; Doc. 99, at 2). In addition, Plaintiffs argues that the phone records

are relevant to this action because "[t]hey show a pattern of intimidation and First Amendment retaliation which is a claim approved by Judge Conn[e]r in his January 2022 opinion and the records may show the number of the callers which could prove Defendants made the calls." (Doc. 99, at 2).

In response, Defendants argue Plaintiffs failed to mention the alleged phone calls or the elements of their retaliation claim despite knowing about the phone calls before the filing of the complaint on June 10, 2021. (Doc. 100, at 2). Further, Defendants aver:

> Plaintiffs have failed to produce any evidence that Defendants played any role in the phone calls other than their unsupported assertion that only government entities can have blocked numbers. A simple Google search seeking information on "how to block my phone number" reveals that entering Regardless, Plaintiffs have had *more than three years* to provide expert testimony and/or supporting facts to link Defendants to these alleged misdeeds and yet they have failed to do so.

(Doc. 100, at 2) (emphasis in original).

Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–51 (1978). In the context of non-party information, courts must generally "weigh the significant privacy interests at stake against the need for the information contained in the personnel file[ ]." *Carroll v. Delaware River Port Auth.*, No. CV 13-2833 (JEI/AMD), 2015 WL

12819181, at *4 (D.N.J. Mar. 31, 2015) (quoting *Morris v. Lowe's Home Ctr.*, No. 10-388, 2012 WL 5347826, at *9 (M.D. N.C. Oct. 26, 2012)); *see also Ballard v. Williams*, No. 10-1456, 2013 WL 5291109, at *4 (M.D. Pa. Sept. 18, 2013) (noting that, courts "'must weigh the right to relevant discovery against the privacy interest of non-parties'") (citations omitted). The "discovery of personnel files must be limited to documents related to the plaintiff's claims in light of the confidential nature of this information." *Upshaw v. Janssen Research & Dev., LLC*, No. 11-7574, 2014 WL 1244047, at *3 (E.D. Pa. Mar. 26, 2014) (citing *Apollo v. Pa. Convention Ctr. Auth.*, No. 11-6684, 2013 WL 6795978, at *3 (E.D. Pa. Dec. 23, 2013)). Accordingly, the relevance of the documents to the claims or defenses presented in the litigation must outweigh any privacy interests in order for the court to compel their production. *See, e.g., Getz v. Commonwealth of Pa. Blindness and Visual Serv.*, No. 97-7541, 1998 WL 961901, at *3 (denying the discovery of third-party personnel files in light of the fact that the plaintiff made no sufficient showing of relevance); *contra Provine v. Ambulatory Health Serv., Inc.*, No. 13-0334, 2014 WL 47771, at *4 (M.D. Pa. Jan. 6, 2014) (permitting the discovery of third-party personnel files as they were relevant to the plaintiff's claims).

Upon consideration of the claims set forth in Plaintiffs' amended complaint and the request for phone number on the above-mentioned dates, the Court will deny Plaintiffs' motion to compel compliance with the subpoena served on non-parties, Comcast Legal Compliance and Verizon. (Doc. 88). Relevant to the present issue, Plaintiffs set forth a cause of action of retaliation for protected speech under the First Amendment. (Doc. 14, at 5). However, it is clear from the facts and allegations set forth in the amended complaint that this

action does not include a retaliation claim under the First Amendment for the use of threatening phone calls. Rather, Plaintiffs assert:

> In retaliation for Plaintiff's Thomas Matthew Hale's repeated complaints to Defendants about their treatment of him, their not being patient as he was cooperating but was not able to walk as fact he was normal due to his physical condition, repeated requesting of Defendants' names and badge numbers, and rough handling of him, Defendants used force on Plaintiff Thomas Matthew Hale that was unnecessary and excessive leading to the injuries described above.

(Doc. 14, ¶ 41).

Moreover, Plaintiffs' assertion that his First Amendment retaliation claim is "approved" in the context of threatening phone calls is misplaced. On January 11, 2022, the Court denied Defendants' motion to dismiss Plaintiffs' retaliation claim, finding that the amended complaint contains sufficient facts to establish the causation element of retaliation because "the defendants' immediate decision to arrest of Hale in response to Hale's 'repeated request of [d]efendants' names and badge numbers' constitutes 'unusually suggestive timing' to support causation." (Doc. 46, at 3) (quoting *Conrad v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018). Upon review of the amended complaint and the record before the Court, this action does not contain any claims or facts relating to threatening phone calls, apart from Plaintiffs' letters to the Court. (Doc. 14; Doc. 88; Doc. 99). There is no claim in the operative amended complaint that is premised upon the disclosure of "undisclosed" phone numbers from phone calls Mr. Hale allegedly received on the above-mentioned dates, all of which occurred before the amended complaint was filed. Therefore, having considered the scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1), the Court finds that the

requested documents are beyond the scope of that which is delineated in Rule 26. Accordingly, Plaintiffs' motion to compel is denied.

    B.   PLAINTIFFS' REQUEST FOR EXTENSION OF DISCOVERY DEADLINES IS DENIED.

Plaintiffs request an enlargement of the discovery deadlines to seek additional information regarding phone records and taser records. (Doc. 88; Doc. 99). In opposition, Defendants request that Plaintiffs' request for an enlargement of discovery deadlines be denied and that Plaintiffs' sixth request for production of documents be deemed moot as all discoverable documents requested have been produced. (Doc. 100, at 3). For the reasons set forth in this Memorandum, the Court declines to extend the discovery deadline.

In the present action, the discovery deadline expired on August 3, 2022. (Doc. 62). Federal Rule of Civil Procedure 16, provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "To obtain an extension of a discovery deadline, a movant must show 'good cause' under Fed. R. Civ. P. 16(b)(4), which includes both an explanation of why more time is needed and a showing that the movant diligently sought the discovery she now seeks to secure beyond the deadline." *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010). The standard under Rule 16(b)(4) follows:

> The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control" of a party. See

*Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co.*, No. 09-CV-236, [ ]2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, No. 13-784, [ ] 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotations omitted). In the context of requests to reopen discovery, "[t]he decision whether to reopen discovery is committed to the sound discretion of the district court." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014).

*Williams v. Wetzel*, No. 1:17-CV-79, 2019 WL 1206061, at *5 (M.D. Pa. Mar. 14, 2019) (quoting *Courtney v. Ivanov*, No. 3:13-CV-227, 2016 WL 1367755, at *2 (W.D. PA. April 6, 2016)).

Plaintiffs request that the Court order Defendants to disclose taser record reports from the Derry Township Police Department for date of the underlying incident, August 31, 2019. (Doc. 99, at 2). Plaintiffs aver that, although Defendants provided the disclosure of taser records for various officers of the Derry Township Police Department, Defendants failed to produce any taser records for Defendant Leiss, whom Mr. Hale testified tasered him on August 31, 2019. (Doc. 99, at 2). Plaintiffs contend this is good cause for an extension of the discovery deadline for 45 days. (Doc. 99, at 2). In addition, according to Defendants' letter, Plaintiffs have served a sixth request for production on Defendants seeking the following:

32. Field Training Manual for officers of Derry Tp. P.D. in 2019

33. Written policies for tasers, 2019

34. Use of Force Protocols limited to use of tasers and taser reports, in effect in 2019

35. Taser assignment documents for tasers used in August 2021

36. Taser use and assignment reports for Leiss on August 24-September 1, 2019

37. Taser polices as to whether an officer may use a taser assigned to another officer, 2019

> 38. Taser maintenance and reporting documents for all tasers in use on August 31, 2019
>
> 39. AXON Evidence Sync documents indicating how taser reports were transmitted to AXON in 2019 and what ability, if any, any officer or employee of Derry Tp. P.D. had to affect the contents of the report.

(Doc. 100, at 3).

In opposition, Defendants submit that expansion of the discovery deadlines is not warranted because Plaintiffs' sixth request for production of documents are "ill crafted and untimely" because the discovery was served on September 21, 2022, after the discovery deadline, and the taser reports for Derry Township Police Department, whether assigned or not assigned, have now been produced. (Doc. 100, at 3). Defendants aver that they have produced records declaring when, where, why, and how Mr. Hale was arrested, and that none of those records reflect taser use. (Doc. 100, at 2). Defendants explain that Leiss did not have an assigned taser at the time of Mr. Hale's arrest and argue the taser records already produced objectively establish that no taser was used on the date of the underlying incident, August 31, 2019. (Doc. 100, at 2). Specifically, Defendants state:

> Officer Bennett unequivocally declares that: 1) he downloaded the taser reports for all tasers in use that were not assigned to another officer; 2) that he does not have the capacity to alter these reports; and 3) these reports fail to show any taser usage on August 31, 2019 from 7:36 p.m. (the time of the officers' dispatch to the Hale accident scene) through midnight.

(Doc. 100, at 2).

Defendants also assert that all officer Defendants have been deposed and all of them have denied deploying or witnessing the deployment, of a taser on August 31, 2019. (Doc. 100, at 2).

Upon review of the discovery that Defendants have already produced and upon consideration of the Court's prior Orders, the Court is persuaded by Defendants' assertion that expansion of the discovery deadlines is not warranted. First, reviewing the taser records attached to Defendants' letter, the Court finds that Defendants have satisfied their burden of production. (Doc. 100-1). Second, Plaintiffs' sixth request for production is untimely as the request was served on September 21, 2022, more than a month after the discovery deadline expired on August 3, 2022. (Doc. 64; Doc. 100, at 3). Third, as to Plaintiffs' request numbers 32 through 34 and 37, Defendants do not have to provide copies of the Derry Township Police Department Policies and Procedures as the policies sought are not relevant to the claims or defenses in this case because no *Monell* claim has been asserted in this action and the requests are duplicative of Plaintiffs requests that the Court denied in prior Orders issued on November 19, 2021, and June 2, 2022. (Doc. 38; Doc. 76). The only claims in this action are a retaliation claim for protected speech under the First Amendment, an excessive force claim under the Fourth Amendment, and state law claims for battery, assault, and loss of consortium. (Doc. 14, at 5-7). Therefore, having considered the scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1), the Court finds that the requested policies and procedures are beyond the scope of that which is delineated in Rule 26.

Fourth, Defendants have responded to Plaintiffs' request number 35 by preparing a Supplemental Rule 26 disclosure, dated September 30, 2022, and attached to Defendants' letter to the Court. (Doc. 100, at 3; Doc. 100-1, at 7-15). The disclosure contains a taser log documenting the tasers assigned to individual officers and the tasers that were not assigned to individual officers but were instead assigned to "patrol" at times relevant to this action. (Doc.

100-1, at 7-15). Fifth, as to Plaintiffs' request numbers 38 and 39, the Court finds that Defendants have already produced the documents sought. The Court is persuaded by Defendants' assertion that "[t]he downloaded taser reports are generated by AXON's software and produced to Plaintiffs covers Plaintiff[s'] 38th and 39th requests." (Doc. 100, at 3; Doc. 100-1, at 7-15). This assertion is further bolstered by an affidavit from Officer Bennett, who attested that Defendants have no ability to alter the information in taser reports downloaded directly from the tasers using AXON Evidence Sync. (Doc. 100-1, at 2).

In sum, the Court finds to the extent that the disclosure sought is potentially relevant to the claims and defenses asserted in this action, the responsive materials in Defendants' possession have been produced. Because Plaintiffs' requests for production are untimely and otherwise fail to establish that more time is needed, the Court finds that Plaintiffs have failed to demonstrate good cause for an enlargement of the discovery deadlines. *See Walker*, 558 F. App'x at 221-22; Fed. R. Civ. P. 16(b)(4). Plaintiffs have not shown any basis for expansion of the discovery deadline or evidence of diligence. Accordingly, Plaintiffs' request for an enlargement of the discovery deadlines will be denied and Plaintiff's sixth request for production of documents will be deemed moot as all discoverable documents requested have been produced. (Doc. 99; Doc. 100, at 3); *see Trask*, 298 F.R.D. at 267 ("The decision whether to reopen discovery is committed to the sound discretion of the district court.").

III. **CONCLUSION**

For the foregoing reasons, Plaintiffs' requests for the production and expansion of the discovery deadline (Doc. 88; Doc. 99) are **DENIED**. In addition, Plaintiff's sixth request for production of documents is deemed **MOOT**.

An appropriate Order follows.

BY THE COURT:

Date: October 7, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**